IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| CLAY MASSI, ) | C/A NO. 0:10-CV-265-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| PHIL LOMONACO, LAW OFFICES OF ) | |
| PHILIP LOMONACO, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Through this action, Plaintiff Clay Massi, who is proceeding *pro se*, asserts one or more claims[1] against his former attorney, Phil Lomonaco, and his attorney's law firm (collectively "Lomonaco"). The matter is before the court on Defendants' motion to dismiss for improper venue or, alternatively, for a change of venue to the Eastern District of Tennessee.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On May 25, 2010, the Magistrate Judge issued a Report recommending that Defendant's motion be granted to the extent it sought a change of venue. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.

Plaintiff timely filed an objection on June 2, 2010. The matter is now before the court for review of the Report and Plaintiff's objection.

---

[1] Plaintiff expressly alleges that Lomonaco participated in a "civil conspiracy," although the allegations of the second amended complaint also suggest a claim of legal malpractice.

1

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

In his objection, Plaintiff challenges the court's failure to address his "motion to expedite." This motion is, in effect, a motion to compel discovery of Defendants' file in the underlying civil litigation. Plaintiff asserts that these documents may contain information bearing on the question of "jurisdiction."[2] Plaintiff does not, however, suggest any category of information likely to be discovered which might support venue in the District of South Carolina. By contrast, in his earlier filings, Plaintiff conceded that Defendants resided or were located in Knoxville, Tennessee (Dkt. No. 19), and that the present matter relates to representation which occurred in the Eastern District of Tennessee regarding a civil action filed in that District (Dkt. Nos. 19-2, 19-5, 24 ¶¶ 2, 19).[3] Thus,

---

[2] The court presumes Plaintiff means to refer to venue.

[3] Documents filed by Plaintiff also establish that he was a citizen of Knox County, Tennessee, at least when the underlying litigation began. Dkt. No. 19-2 ¶1.

2

for reasons explained in the Report, venue is clearly appropriate in the Eastern District of Tennessee. *See* Report at 2-3. In contrast, Plaintiff has presented no evidence or argument to suggest that venue is proper in the District of South Carolina.

Plaintiff's only express challenge is to Defendants' claim that all of the witnesses necessary to this case reside in Tennessee. On this point, the court assumes that Plaintiff is correct, given that at least Plaintiff and possibly some other witnesses reside outside of Tennessee. As explained in the Report, however, the location of witnesses is significant only in deciding between otherwise appropriate venues. Report at 3-4 (discussing 28 U.S.C. § 1404(a). It is not sufficient to establish a proper venue.

Wherefore, after reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the rationale and conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order and grants Defendant's request for a transfer of venue to the Eastern District of Tennessee.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
June 11, 2010