UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CLAY MASSI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:10-CV-258 |
| | ) (Phillips) |
| PHIL LOMONACO, | ) |
| Law Offices of A. Philip Lomonaco | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This is an action by plaintiff, Clay Massi, against his former attorney, A. Philip Lomonaco, for alleged malpractice committed by the attorney in representing plaintiff in a negligence action against Walgreen Co. Before the court is Lomonaco's motion to dismiss. For the reasons which follow, the motion to dismiss is granted.

### I. Background

Plaintiff Clay Massi filed a lawsuit against Walgreen Co. in 2005, Civil Action No. 3:05-CV-425 alleging that the company had negligently misfilled one of his prescriptions. On November 30, 2006, a jury rendered a verdict in favor of plaintiff. Pursuant to the jury's verdict and findings, the court entered judgment in favor of plaintiff in the amount of $13,750. The judgment has been satisfied.

On September 11, 2007, plaintiff filed a second lawsuit against Walgreen Co., Civil Action No. 3:07-CV-346. This complaint alleged that defendant had committed fraud in its defense of Civil Action No. 3:05-CV-425 by creating and presenting fraudulent documents, labels, and exhibits during the trial in the prior lawsuit. Walgreen subsequently filed a motion to dismiss, alleging that the complaint failed to state a claim. The Honorable Thomas A. Varlan, District Judge, agreed, finding "Plaintiff's complaint is more properly categorized as a post-trial motion." Judge Varlan noted that Rule 60 of the Federal Rules of Civil Procedure provides the remedy for fraud alleged to have occurred during the trial of a case. Judge Varlan entered an order dismissing Civil Action No. 3:07-CV-346 with prejudice, explaining in the order that plaintiff should have sought relief by motion rather than initiating a separate lawsuit. The court permitted plaintiff to bring a Rule 60 motion in Civil Action No. 3:05-CV-425. That motion was subsequently denied. The Sixth Circuit affirmed the denial, finding that Massi was using the motion relitigate the merits of his original claim, and that his allegations of fraud were unsubstantiated.

On May 28, 2008, plaintiff filed a complaint against the attorneys who represented Walgreen in the two above-referenced lawsuits. Also named as defendants were two employees of Walgreen who testified at the trial of the initial lawsuit. The complaint alleged that the defendants "aided and assisted Walgreen Co. in a scheme of fraud" directed at the court and aimed at securing a fraudulent verdict in Civil Action No. 3:05-CV-425. This court concluded that Massi's claims were barred by the doctrine of

claim preclusion and granted the defendant's motion to dismiss. The Sixth Circuit affirmed, finding that Massi's claims were barred.

In the current lawsuit, Massi alleges that his former attorney, Lomonaco, committed malpractice by conspiring with the defendants against him while representing him in the 2005 negligence action against Walgreen. Massi seeks to overturn the judgment in Civil Case No. 3:05-CV-425 on the basis of a civil conspiracy. Lomonaco has moved to dismiss the complaint stating that because all of his alleged actions occurred during the trial which took place in November 2006, Massi's claims are barred by the one year Statute of Limitations applicable to attorney malpractice claims in the State of Tennessee. As part of his response to Lomonaco's motion to dismiss, Massi has moved to amend his complaint to assert diversity jurisdiction under 28 U.S.C. § 1332 and venue under 28 U.S.C. § 1391.

## II. Motion to Amend

When there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend the complaint. *E.g., Ellison v. Ford Motor Co.,* 847 F.2d 297, 300 (6th Cir. 1988). The court finds that Massi is a citizen of York County, South Carolina; Lomonaco is a citizen of Tennessee and that he maintains a law practice in Knox County, Tennessee; and that the actions complained of in Massi's complaint occurred in Knox County, Tennessee. Therefore, Massi has established diversity jurisdiction and that venue is proper in the

Eastern District of Tennessee. Accordingly, Massi's motion to amend complaint [Doc. 41] is **GRANTED.**

### III. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

Under Tennessee law, whether grounded in breach of contract or tort, the statute of limitations in actions against attorneys for malpractice is one year from the date that the cause of action accrues. Tenn. Code Ann. § 28-3-104(a)(2); *Smith v. Petkoff*, 919

S.W.2d 595, 596 (Tenn.App. 1995). In determining when a legal malpractice action accrues for statute of limitations purposes, the court applies a two-prong "discovery rule." Under the discovery rule, "a cause of action accrues when the plaintiff knows or in the exercise of reasonable care and diligence should have known that an injury has been sustained as a result of wrongful or tortious conduct by the defendant." *John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998). In legal malpractice cases, the discovery rule is composed of two elements: (1) the plaintiff must suffer "legally cognizable damage," meaning an actual injury, as a result of the defendant's wrongful or negligent conduct, and (2) the plaintiff must have known, or in the exercise of reasonable diligence should have known, that this injury was caused by the defendant's wrongful or negligent conduct. *Id.* The court will address each of these elements in turn.

An actual injury occurs when a client suffers the loss of a legal right, remedy or interest, or the imposition of a liability. *Kohl*, 977 S.w.2d at 532. The injury element is not met if the harm is contingent upon a third party's actions or amounts to a mere possibility. *Id.* In litigation, not every misstep leads to a fall, and "because negligence without injury is not actionable, the legal malpractice statute of limitations does not begin to run until an attorney's negligence has actually injured the client." *Wilson v. Pickens*, 196 S.W.3d 138, 142 (Tenn.App. 2005). The most easily identifiable time when rights, interests and liabilities become fixed is when a court enters a judgment that adjudicates the parties' rights, imposing a "legally cognizable injury." *Cherry v. Williams,* 36 S.W.3d 78, 84 (Tenn.App. 2000).

In the case at bar, Massi allegedly suffered a legally cognizable injury when the jury awarded him less in damages than he felt he was entitled to in November 2006. Thus, to the extent there was any injury, Massi suffered a legally cognizable injury in November 2006. The instant complaint was not filed until February 3, 2010, clearly outside the one-year limitation. However, Massi claims that the instant "cause of action was only realized after plaintiff won case no. 0:09-538-CMC-PJG on November 13, 2009." Case No. 0:09-538-CMC-PJG involves a Freedom of Information Request involving FDA records authorizing Abrika Pharmaceuticals to produce and distribute generic Adderall. Massi contends that these records prove that Walgreen mistakenly filled his prescription and prove "fraud upon the court" by Walgreen, its attorneys and Lomonaco.

The doctrine of equitable estoppel tolls the running of the statute of limitations where a defendant has "misled the plaintiff into failing to file his action within the statutory period of limitations." *Fahrner v. SW Mfg. Inc.,* 48 S.W.3d 141, 145 (Tenn. 2001). A clear example, and the one most prominent in the case law, is a defendant's promise not to plead the statute of limitations, which he breaks once the plaintiff has waited for the statute to expire before filing his complaint. Equitable estoppel requires "deception or misconduct" by the defendant, *Norton v. Everhart*, 895 S.W.2d 317, 321 (Tenn. 1995), and it "only applies when the defendant has taken steps to specifically prevent the plaintiff from timely filing his complaint (as where he promises not to plead the statue of limitations)." *Fahrner*, 48 S.W.3d at 146, n. 2. "Where equitable estoppel has been raised, therefore, a court must determine whether the defendant engaged in conduct specifically designed to prevent the plaintiff from suing in time." *Id.* at 145. "If a plaintiff successfully invokes equitable

estoppel, the statute of limitations is tolled for the amount of time that the defendant misled the plaintiff." *Id.* at 146.

The Tennessee Court of Appeals cautions that "courts should not be too quick to invoke the doctrine of equitable estoppel to prevent a defendant from asserting an otherwise valid statute of limitations defense." *Hardcastle v. Harris*, 170 S.W.3d 67, 87 (Tenn.App. 2004). Statutes of limitations are favored because they promote the timely pursuit of legal rights by suppressing stale claims, while estoppels are not favored when they prevent parties from asserting claims or defenses to which they would otherwise be entitled. *Id.* Courts have refused to apply equitable estoppel when there is no evidence that the plaintiff's failure to bring the action was attributable to deception or misconduct on the part of the defendants that was specifically designed to prevent the plaintiff from timely filing his complaint. In *Bernard v. Houston Ezell Corp.,* 968 S.w.2d, 855, 862, the Tennessee Court of Appeals noted, "This court does not understand the general rule to be that any effort by a wrongdoer to remedy the effect of the wrongdoing should effectively bar the defense of the statute of limitations." *See also Yater v. Wachovia Bank of Ga.,* 861 S.W.2d 369, 373 (Tenn.App. 1993) (ongoing negotiations between plaintiff and his bank did not justify application of equitable estoppel when there was no evidence that bank induced plaintiff to forego any legal action until after the statute of limitations had run).

The court finds that Massi has not established that equitable tolling of the one-year statute of limitations is appropriate in this case. The information received as a result of his FOI Request pertains to his claims against Walgreen. Attorney Lomonaco is

not mentioned in any of the documents, and there is nothing in the documents or in this record to indicate that Lomonaco prevented Massi from obtaining the information. Nor has Massi alleged any inducement by Lomonaco to forego any legal action against him until after the statute of limitations had run. Because all of the alleged actions against Lomonaco occurred during plaintiff's representation and trial, which ended in November 2006, his malpractice complaint is untimely and is hereby **DISMISSED with prejudice.**

### IV. Conclusion

For the foregoing reasons, the motion to amend filed by plaintiff [Doc. 41] is **GRANTED**; and the motion to dismiss filed by defendant Lomonaco [Doc. 38] is **GRANTED,** whereby this action is **DISMISSED, WITH PREJUDICE**. Any remaining motions are **DENIED AS MOOT.**

A judgment consistent with this opinion shall issue.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge